TALIAFERRO, Judge.
Plaintiff sued to recover judgment for a balance of $149.53 on open account for groceries, etc., sold and delivered to the defendant over the period from January, 1948 to February, 1949. Writ of attachment also issued under which some land was seized. Defendant moved to dissolve the writ on the ground that the allegations of fact made to procure its issuance were untrue. The motion was not tried. Plaintiff voluntarily consented that the writ be dissolved.
Defendant filed prayer fpr oyer of the evidence of the indebtedness sued on, which plaintiff answered by producing and tendering itemized slip charges over the period' of the account, from May 24, 1948, except for charges for goods sold and delivered from September 25th to October 23, 1948. As regards the account prior to May 24th,. plaintiff pleads that he was unable to produce the charge and credit slips constituting same, but gave no reason for his inability to do so. During trial on t-he merits he explained why the slips were not available for production. He did not, in his answer to the prayer for oyer give any reason for not producing the slips for the *315 period from September 25th to October 23rd. Thereupon, defendant filed motion to strike from the demand the balance of account claimed to have been due on May 24th, to-wit: $122.61, coupling therewith ^exception of no cause of action. The exception and motion do not appear to have been ruled upon prior to trial.
Answering, defendant admits that he ■traded with the plaintiff from May 24, 1948, .to December 21, 1948, but affirmatively pleads payment in full for purchases over that period.
Trial of the case resulted in judgment for plaintiff for $102.94. No written reasons for the judgment were given. Defendant appealed suspensively. Plaintiff did not appeal, nor has he answered that perfected by defendant. Therefore, as to plaintiff, judgment may not be increased.
Plaintiff, with the assistance of his wife, operates a small grocery store in a rural section of Sabine Parish. He is uneducated and lacks experience in the fundamentals of bookkeeping- Evidence of credit sales was made by him on the leaves of a small tablet, approximately 3" x 5". Between the leaves, when a charge or credit was made, carbon paper was inserted, and it was the rule that the carbon leaf was at the time of purchase or entry of credit, delivered to the customer. This mode of business enabled the customer to keep track of his purchases and credits, and to detect errors, if any were made.
When a payment was made a balance was struck. This balance, of course, was carried on into the next month’s business, and so on.
Defendant admits that this method of business prevailed between him and plaintiff, and virtually admits that the carbon leaves were invariably delivered to him or the member of his family making purchases, if not by him. This surely enabled him to know the description and amount of his purchases, the credits entered, and the balance due by him from time to time.
Plaintiff, corroborated by his wife, testified that often when a partial or full payment on account is made, the leaves containing charges are torn from the tablet •and cast away or given the customer. That practice must have prevailed in the instant case because defendant produced and had filed in evidence about a dozen of such charge leaves.
The testimony and other proof adduced by plaintiff to the satisfaction of the trial judge, and to our satisfaction, established that there was a balance due him by the defendant. The fact that defendant, all the while being informed of the condition of his account by delivery to him of the carbon leaves, above mentioned, made no complaint of error in the account and never at any time denied that he was due a balance on the account, until this suit was filed, or a short time prior thereto, goes far toward substantiating the thought that his present belated position is not well founded nor sincere.
Defendant offered testimony of members of his family to support his plea of payment. The trial judge evidently rejected this testimony and we can perceive of good reason therefor. He being the best judge of the credibility of the witnesses, and of the weight to be given their testimony, we would not be justified in overruling his conclusion on this score, even though we entertained some doubt of the correctness thereof, which we do not.
We are informed in brief of the appellee that the trial judge, at conclusion of trial, stated that he was of the opinion that defendant owed plaintiff some amount; and that to determine this amount he closely examined all the evidence concerning the account, and machine added the many charges thereon, and otherwise diligently sought to arrive at the true facts.
Appellant complains bitterly that the alleged balance of May 24, 1948, $122.61, was considered in determining the true condition of the account. This complaint is not well founded. He admits in his testimony that he traded with plaintiff on credit from January, 1948, to May 24th following, but denied so doing in his answer. He also admits that plaintiff delivered to him carbon sheets showing the condition of the account on May 24th. He made no complaint about it for nearly a year.
*316 Plaintiff testified that this balance of May 24th was correct, after allowing' credits made prior thereto. He accounted for his inability to produce the leaves that reflected the account when this balance was struck.
Appellant also argues that the amount of charges to him for the period from September 25th to October 23rd, or $34.09, should be given no consideration because no charge slips or other evidence of same were produced, and their absence was not accounted for, although production thereof was sought by the prayer for oyer. We believe appellant’s position on this score well founded, but as the lower court gave judgment for $46.59 less than the amount for which sued, it is our thought that he eliminated the $34.09.
Lastly, appellant complains that he was cast for all costs of suit, which include costs incurred in the issuance and levy of the attachment. The point is well taken.
We could assign no good reason for disturbing the lower court’s conclusions on the factual issues tendered; and, believing same correct, and that substantial justice is done thereby, affirm the judgment from which appealed, save as regards costs arising from issuance and levy of the writ of attachment. These are cast upon plaintiff.